UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD THOMAS BERNARD, II; STEPHANIE CELESTE TEJADA-OTERO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN JOAQUIN, et al.,<br><br>Defendants. | No. 2:21-cv-00948 JAM DB PS<br><br>ORDER TO SHOW CAUSE |

Plaintiffs Lloyd Thomas Bernard and Stephanie Celeste Tejada-Otero are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiffs commenced this action on May 25, 2021, by filing a complaint and paying the required filing fee. (ECF No. 1.) On May 27, 2021, summons for the defendants were issued. (ECF No. 2.) That same day plaintiffs were served with a letter that advised plaintiffs that Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed. (ECF No. 3.) More than 90 days have passed, plaintiffs have taken no action in this case, and the docket does not reflect proof of service on, or the appearance of, any defendant.

////

1

Moreover, "[d]istrict courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). "A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). See Bailey, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

To determine whether a claim is duplicative, courts use the test for claim preclusion. Adams, 487 F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Id. at 688 (internal quotation marks and citations omitted). Here, it appears this action is duplicative of an earlier filed action, Lloyd Thomas Bernard, II; Stephanie Celeste Tejada-Otero v. County of San Joaquin, et al., No. 2:21-cv-0172 JAM DB PS.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs show cause in writing within fourteen days of the date of this order as to why this case should not be dismissed for lack of prosecution[1];

////

---

[1] Alternatively, if plaintiffs no longer wish to pursue this civil action, plaintiffs may comply with this order by filing a request for voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

2. Plaintiffs show cause in writing within fourteen days of the date of this order as to why this case should not be dismissed as duplicative;

3. Plaintiffs are cautioned that the failure to timely comply with this order may result in a recommendation that this case be dismissed.

DATED: April 8, 2022                    /s/ DEBORAH BARNES
                                        UNITED STATES MAGISTRATE JUDGE