DANA A. SUNTAG (California State Bar # 125127)
JOSHUA J. STEVENS (California State Bar # 238105)
AMY N. SEILLIERE (California State Bar # 335694)
HERUM\CRABTREE\SUNTAG
A Limited Liability Partnership
5757 Pacific Avenue, Suite 222
Stockton, CA  95207
Telephone: (209) 472-7700
dsuntag@herumcrabtree.com

Attorneys for All Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD THOMAS BERNARD, II, et al.,<br><br>            Plaintiffs,<br><br>      vs.<br><br>COUNTY OF SAN JOAQUIN, et al.<br><br>            Defendants. | Case No.: 2:21-cv-00948-JAM-DB<br><br>**DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, MISTY ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, YENI GONZALES, DANIELLO BRAVO, AND KATHY TRAVEWELL'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: July 1, 2022<br>Time: 10:00 a.m.<br>Place: Courtroom 27 |

1



1  PLEASE TAKE NOTICE that, on July 1, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 27, Defendants Adrenna Torrence, Leslie Billings, Sonia Piva, Misty Arbuckle, Danevia Rhone, Marisol Enos-Schaffer, Yeni Gonzales, Daniello Bravo, and Kathy Tracewell (the "Moving Defendants") will, and by this motion do, move to dismiss this lawsuit as to them.

Moving Defendants make this Motion under Rule 12(b)(5) of the Federal Rules of Civil Procedure because the lawsuit fails as to them for insufficient service of process.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the accompanying Declaration of Janny Som, the Court's file, and on such further evidence and argument as the Court may receive.

Dated: May 13, 2022

HERUM\CRABTREE\SUNTAG
A Limited Liability Partnership

By: /s/ Dana A. Suntag
DANA A. SUNTAG
Attorneys for All Defendants



2

DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, YENI GONZALES, DANIELLO BRAVO, AND KATHY TRACEWELL'S MOTION TO DISMISS COMPLAINT

# I.
# PRELIMINARY STATEMENT

Defendants Adrenna Torrence, Leslie Billings, Sonia Piva, Misty Arbuckle, Danevia Rhone, Marisol Enos-Schaffer, Yeni Gonzales, Daniello Bravo, and Kathy Tracewell (the "Moving Defendants") move to dismiss this lawsuit as to them for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. We show below there are two separate bases to dismiss:

First, Plaintiffs claim they served process on the Moving Defendants by delivering the summons and complaint to an "agent for service of process," but the person they claim is the "agent for service of process" is not an agent for service of process for any of the Moving Defendants and she was not authorized to accept service of process for any of them.

Second, Plaintiffs have long exceeded the statutory 90 days they had to serve process. As of May 13, 2022, they filed this lawsuit **353 days ago**, on May 25, 2021. Indeed, this Court has issued an Order to Show Cause because of Plaintiffs' failure to serve process in a timely manner. We show below that Plaintiffs' response to the OSC fails to show good cause for their extraordinary delay.

Therefore, this Court should dismiss this lawsuit as to each of the Moving Defendants.

# II.
# PLAINTIFFS' ALLEGATIONS/PROCEDURAL HISTORY

Plaintiffs' Complaint is unclear, repetitive, and verbose, but appears to challenge removal of their children. Plaintiffs acknowledge there was a warrant authorizing entry into their residence, but it somehow became "moot." (Complaint, ¶ 40). Plaintiffs failed to attach a copy of the warrant to their Complaint and failed to explain why, how, or when the warrant became "moot."

Plaintiffs also acknowledge that, in addition to the warrant, there was also a court order that authorized removal of the minors and the arrest of the Plaintiffs. (Complaint,

3

1  ¶ 41). They allege the order was "outside the authority and jurisdiction of the court" (*id.*), but, again, they failed to attach a copy of the order and they failed to explain how or why it was "outside the authority and jurisdiction of the court."

Plaintiffs allege that on January 29, 2019, one of the Moving Defendants, Ms. Piva, presented the warrant to the minors' grandmother (where the minors were staying), and removed the minors and placed them in foster care. The minors were in foster care until the case was dismissed on May 14, 2019. (Complaint, ¶ 42).

Plaintiffs' counsel sent the agency a letter on May 15, 2019, notifying it that they intended to file a lawsuit against it and requesting preservation of evidence, and on May 25, 2019, the Agency took custody of the minors "in direct retaliation against Plaintiffs." (Complaint, ¶ 43).

Plaintiffs' Complaint filed on May 25, 2021, alleges four claims for relief: violation of 14th amendment rights to familial association, retaliation in violation of 1st amendment and rights to familial association, non-consensual and unwarranted medical examination in deprivation of constitutional rights, and a claim against the County of San Joaquin under *Monell v. Dep't of Soc. Svcs.,* 436 U.S. 658 (1978).

On May 27, 2021, the Court issued summons on the Complaint, along with a letter advising Plaintiffs that Rule 4(m) of the Federal Rules of Civil Procedure states a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the Complaint was filed. (Doc. Nos. 2, 3).

However, Plaintiffs failed to serve process on anyone within 90 days.

Therefore, on April 11, 2022 (well more than 90 days after Plaintiffs filed this case and well after the Court issued its May 27, 2021, letter—indeed, **319 days** after the Court issued that letter), the Court issued an Order to Show Cause requiring Plaintiffs to show why the case should not be dismissed for lack of prosecution based on their failure to serve process. (Doc. No. 4). The Court also ordered Plaintiffs to show why the case

4



DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, YENI GONZALES, DANIELLO BRAVO, AND KATHY TRACEWELL'S MOTION TO DISMISS COMPLAINT

should not be dismissed as duplicative of an earlier filed action, case number 2:21-cv-0172 JAM DB PS. *Id.*

On April 25, 2022, Plaintiffs filed a response to the Order to Show Cause acknowledging the dependency case had been dismissed some two months earlier, on February 25, 2022, and the minors were returned to them, yet failing to explain why they still delayed in making any attempt to serve process. (Doc. No. 6, p. 2, lines 7-9). Their response goes on to claim they served all Defendants on April 22, 2022. *Id.* As to whether the case should be dismissed as duplicative, Plaintiffs claim they filed the instant Complaint "in association with a different day of removal by the Agency than Case Number 2:21-cv-0172 JAM DB PS ("case no. 0172"), and therefore there are additional named Defendants and circumstances in the second Complaint which were involved in the second removal[.]" (Doc. No. 6, p. 3, lines 5-11).[1] They state they have "no objection to the enjoinment of the proceedings of this case . . . together with [the other case]." *Id.*, p. 3, lines 1-4).

On April 25, 2022, more than a year after Plaintiffs filed this case, they filed two proofs of service of process. (Doc. Nos. 7, 8). Both proofs of service of process state they had the Moving Defendants served on April 22, 2022, by leaving the summons and complaint with "[a]gent for Service of Process, Janny Som." (Doc. No. 7, 8).

---

1   This is only partially accurate: both cases complain about both removals. *Compare* Complaint, case no. 0172, ¶¶ 9 and 46 *with* Complaint in the instant case, ¶¶ 10, 42, 43. (It is true that the Complaint in the instant action includes additional defendants (Daniello Bravo and Kathy Tracewell).) (Defendants ask the Court to take judicial notice of this pursuant to Rule 201(b)(2) of the Federal Rules of Evidence.)


DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, YENI GONZALES, DANIELLO BRAVO, AND KATHY TRACEWELL'S MOTION TO DISMISS COMPLAINT



## II.
## THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE JANNY SOM IS NOT THE MOVING DEFENDANTS' AGENT FOR SERVICE OF PROCESS AND WAS NOT AUTHORIZED TO ACCEPT PROCESS FOR THEM

"A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under [Rule] 4." *Laipply v. Laipply*, 2022 U.S. Dist. LEXIS 79650, at *3 (E.D. Cal. May 2, 2022) (quoting *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)). "[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4.'" *Laipply*, 2022 U.S. Dist. Lexis 79650 at *3 (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)). That is because "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (cited in *Jones v. Bergelectric, Inc.*, 2021 U.S. Dist. Lexis 242720, *5 (E.D. Cal. 2021)).

"If service of process was insufficient, a district court has discretion to dismiss an action or quash service." *Laipply*, 2022 U.S. Dist. Lexis 79650 at *3-4. The proper method to challenge a defect in service is by a motion under Rule 12(b)(5). *Id.* at *3 ("[a] motion under Rule 12(b)(5) challenges the mode or method of service of the summons and complaint" (citing *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006)).

Therefore, the instant motion under Rule 12(b)(5) is the proper method for challenging Plaintiffs' failure properly to serve Moving Defendants. The burden is on Plaintiffs on this motion to show service of process was proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("[o]nce service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4" (cited in *Thomason v. Moeller*, 741 Fed. Appx. 420, 421 (9th Cir 2018)).

Here, Plaintiffs' proofs of service states they served process on "[a]ll named Defendants" on April 22, 2022, by leaving a copy of the summons and complaint with

6

"[a]gent for Service of Process, Janny Som." (Doc. Nos. 7, 8). Rule 4(e)(2)(C) in fact authorizes service of process on an individual by "delivering a copy of [the summons and the complaint] to an agent authorized by appointment or by law to receive service of process." To qualify under this rule, the "agent" must be "an agent specifically designated to receive service of process." *Perrotte v. Johnson*, 2016 U.S. Dist. Lexis 111787, *3 (E.D. Cal. 2016), citing *Gerritsen v. Cordova*, 721 F. Supp. 253, 256 (C.D. Cal. 1988). This provision is "strictly construed." *Gerritsen*, 721 F. Supp. at 256, citing *Gipson v. Bass River*, 82 F.R.D. 122, 125 (D.N.J. 1979) ("[t]he cases dealing with agency by appointment indicate that an actual appointment for the specific purpose of receiving process is normally expected").

      Here, Ms. Som is not, and has never been, an agent for service of process for any of the Moving Defendants. (Som Decl., ¶ 2). None of them has ever appointed or authorized her to receive process for any of them. (Som Decl., ¶ 3). Moreover, she was not appointed by law to receive service of process for any of them. (Som Decl., ¶ 3).

      Here, therefore, the Court should dismiss this lawsuit as to Moving Defendants. *See Electro Scan, Inc. v. Henrich*, 2019 U.S. Dist. LEXIS 47396, at *7 (E.D. Cal. Mar. 20, 2019) (dismissing all claims against defendant when plaintiff ineffectively served the defendant through an individual who was not the defendant's agent for service of process); *Johnson v. Lake Tahoe Partners*, 2014 U.S. Dist. LEXIS 77778, at *11 (E.D. Cal. June 5, 2014) (dismissing defendant when plaintiff served office manager and there was no evidence that office manager was the defendant's agent for service of process); *Thomas v. United Air Lines, Inc.,* 2013 U.S. Dist. LEXIS 174323, at *5-6 (E.D. Cal. Dec. 12, 2013) (dismissing complaint against individual defendant when plaintiff ineffectively served him through an individual who was not authorized to accept service on his behalf).



7

DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, YENI GONZALES, DANIELLO BRAVO, AND KATHY TRACEWELL'S MOTION TO DISMISS COMPLAINT

## III.
## THE COURT SHOULD DISMISS THE LAWSUIT AS TO MOVING DEFENDANTS PURSUANT TO RULE 12(b)(5) BECAUSE PLAINTIFFS FAILED TO SERVE PROCESS IN A TIMELY MANNER

Fed. R. Civ. Pro. 4(m) states, in pertinent part:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

"[T]he correct vehicle for a challenge to the timeliness of service under Rule 4(m) is a motion under Rule 12(b)(5)." *RG Abrams Ins. v. Law Offices of C.R. Abrams,* 2021 U.S. Dist. LEXIS 227452, at *10 (C.D. Cal. Oct. 27, 2021); *accord, Graff v. City of Tehachapi*, 2014 U.S. Dist. LEXIS 175756, at *8 (E.D. Cal. Dec. 18, 2014). That is because "[s]ervice of process is insufficient '[i]f a defendant is not served within 90 days after the complaint is filed.'" *Nevis v. Edson,* 2020 U.S. Dist. LEXIS 35661, at *3 (citing Fed. R. Civ. P. 4(m)).

"Rule 4(m) 'encourages efficient litigation by minimizing the time between commencement of an action and service of process.'" *Nevis*, 2020 U.S. Dist. LEXIS 35661, at *3 (quoting *Electric Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 311 (9th Cir. 1992) (addressing former Fed. R. Civ. P. 4(j)).

Here, Plaintiffs have long exceeded the 90 day deadline. They filed this case on May 25, 2021, some **353 days ago** as of May 13, 2022. Indeed, their 90 day deadline to serve ran on August 23, 2021—at which point they had made no effort to serve anyone.

Plaintiffs contend they feared retaliation if they served process before underlying dependency proceeding concluded. (Doc. No. 6). However, Plaintiffs state the dependency proceeding was dismissed on February 25, 2022 (*id.*), yet they failed to explain why they did not try to serve process promptly after that, instead of waiting for the Court to issue the OSC, on April 11, 2022.

For these reasons, the Court should dismiss Moving Defendants because Plaintiffs failed timely to serve them.

8



DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, YENI GONZALES, DANIELLO BRAVO, AND KATHY TRACEWELL'S MOTION TO DISMISS COMPLAINT

**IV.**
**CONCLUSION**

The Court should grant this motion and dismiss this lawsuit as to Moving Defendants and should grant such other and further relief as is appropriate.

Dated: May 13, 2022                    HERUM\CRABTREE\SUNTAG
                                       A Limited Liability Partnership

                                       By:   */s/ Dana A. Suntag*
                                             DANA A. SUNTAG
                                             Attorneys for All Defendants

9

DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, YENI GONZALES, DANIELLO BRAVO, AND KATHY TRACEWELL'S MOTION TO DISMISS COMPLAINT

# PROOF OF SERVICE

I, KAYLA FRANCO, declare:

I am over the age of 18 years and not a party to this action. My business address is HERUM \ CRABTREE \ SUNTAG, 5757 Pacific Avenue, Suite 222, Stockton, CA 95207. On the date set forth below, I served the following document:

1. **DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, MISTY ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, YENI GONZALES, DANIELLO BRAVO, AND KATHY TRACEWELL'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; and**

2. **DECLARATION OF JANNY SOM IN SUPPORT OF DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, MISTY ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, YENI GONZALES, DANIELLO BRAVO, AND KATHY TRACEWELL'S MOTION TO DISMISS COMPLAINT**

[ X ] **BY U.S. MAIL.** By enclosing the document(s) in a sealed envelope(s) addressed to the person(s) set forth below, and placing the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing of correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

*Pro Se Plaintiffs*

Lloyd Thomas Bernhard, II
Stephanie Celeste Tejada-Otero
25526 S. Bird Road
Tracy, California 95304

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signed on May 13, 2022, at Stockton, California.

_____
KAYLA FRANCO